**Benjamin R. Trachtman, Esq. [SBN 137458]**
btrachtman@trachtmanlaw.com
**Kelli A. Trachtman, Esq. [SBN 136888]**
**TRACHTMAN & TRACHTMAN, LLP**
19732 MacArthur Boulevard, Suite 100
Irvine, CA  92612
Telephone:  (949) 282-0100
Facsimile:  (949) 282-0111

Attorneys for Defendant TARGET CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY RICE,<br><br>          Plaintiff,<br><br>   vs.<br><br>TARGET, TARGET CORPORATION, and DOES 1 TO 100, Inclusive,<br><br>          Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

Defendant TARGET CORPORATION notices the removal of this action to the United States District Court, and, in support thereof, states as follows:

1. On May 26, 2020, Plaintiff JUDY RICE ("RICE") filed an action in the Superior Court of the State of California, in and for the County of Orange (Case No. 30-2020-01143064-CU-PO-CJC) entitled "JUDY RICE, Plaintiff vs. TARGET, TARGET CORPORATION, and DOES 1 TO 100, Inclusive, Defendants."  Notably, TARGET CORPORATION ("TARGET") is the proper

name of Defendant given said entity is the sole possible Defendant owner and/or operator of the subject premises where Plaintiff JUDY RICE claims to have sustained injuries.

2. **PROCEEDINGS/EVENTS THAT HAVE OCCURRED IN THE SUPERIOR COURT ACTION, TO DATE:** The following proceedings/events have taken place in the State Court action, to date:

   a. On May 26, 2020, Plaintiff RICE filed her Complaint. Service of the Summons and Complaint upon TARGET was made by service through CT Corporation, TARGET's designated agent for service of process, on July 9, 2020.

   b. On or about June 22, 2020, Plaintiff RICE filed a Peremptory Challenge under C.C.P. §170.6 as to the Honorable Derek W. Hunt.

   c. Pursuant to Plaintiff RICE's Peremptory Challenge, on June 22, 2020 the action was reassigned for all purposes to the Honorable Richard Lee.

   d. On July 1, 2020, Plaintiff RICE filed an Amendment to Complaint naming Defendant ANAHEIM HILLS FESTIVAL as DOE 1. A copy of the Amendment to Complaint naming ANAHEIM HILLS FESTIVAL as DOE 1 is attached hereto as **Exhibit "E"**.

   e. On July 1, 2020, Plaintiff RICE filed an Amendment to Complaint naming Defendant VESTAR as DOE 2. A copy of the Amendment to Complaint naming VESTAR as DOE 2 is attached hereto as **Exhibit "F"**.

3. No further proceedings have occurred in the matter now pending before the Orange County Superior Court.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy involves citizens of different states.

5. For purposes of removal, venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

6. Removal is proper under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a) on the basis of diversity of citizenship of the parties.

7. TARGET is and was at the time this action was commenced, a corporation incorporated in the State of Minnesota with its principal place of business in that State. Defendant has confirmed that Plaintiff is a resident and citizen of the State of California.

8. TARGET is a corporate citizen of Minnesota. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). TARGET has been incorporated in Minnesota throughout its existence, and has maintained control of its far-flung operations from its headquarters in Minneapolis, Minnesota for more than 100 years. In the recent U.S. Supreme Court case, Hertz Corp. v. Friend, 130 S. Ct. 1181, U.S. (2010), the Supreme Court held that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center" -- the place where the corporations' high-level officers direct, control and coordinate the corporation's activities. This is usually the corporate headquarters. Applying the "nerve center test" to this case, TARGET'S principal place of business is Minneapolis, Minnesota. TARGET does not conduct "substantially all" of its business in any single state, nor does TARGET'S business in any single state "substantially predominate" over any

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

other.[1] TARGET is a quintessential multistate corporation, with far-flung operations in each of the 50 states, <u>all of which is directed, controlled and coordinated by officers in Minneapolis, Minnesota</u>, without regard to locale, in furtherance of the corporate objective.

9. Defendant TARGET is informed and believes, and based thereon alleges, that Defendant ANAHEIM HILLS FESTIVAL is not a corporate or business entity registered with the California Secretary of State. Rather, TARGET is informed and believes that Defendant "VESTAR" is actually a joint venture between VESTAR DEVELOPMENT CO. and VESTAR PROPERTIES, INC. Both VESTAR entities are Arizona-domiciled corporations that own the shopping center, where the incident allegedly occurred, known as ANAHEIM HILLS FESTIVAL.

10. There is now, and there was at the time of the commencement of this action, complete diversity between Plaintiff and Defendants.

11. The provisions of 28 U.S.C. § 1332(a)(1) provide that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. The provisions of 28 U.S.C. § 1441 provide that any civil action brought in a State Court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the

---

[1] Even if TARGET has relatively extensive sales, employees and assets in California, they do not "substantially predominate" TARGET's business activities, especially when looked at in light of California's relatively high population. TARGET's business activities in California are of no significance to determining its citizenship. See, Hertz Corp. v. Friend, 130 S. Ct. 1181, U.S. (2010), holding that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center."

place where such action is pending. This Notice of Removal demonstrates that this action is properly removable pursuant to federal law.

12. The Complaint alleges claims for General Negligence and Premises Liability. Plaintiff prays for the recovery of general damages; for hospital and medical expenses; for loss of earnings and earning capacity; for prejudgment interest; for costs of suit incurred; and for such other and further relief as the Court may deem just and proper, all in an amount according to proof.

13. The sum of the damages alleged by Plaintiff JUDY RICE necessarily exceed $75,000.00, exclusive of interest and costs, based on the following alleged facts: On or about December 19, 2018, Plaintiff JUDY RICE slipped and fell on a foreign substance believed to be tomato sauce while a guest on TARGET'S premises.

14. As a proximate result of the fall, Plaintiff claims to have suffered injuries to her lower extremities and low back and sought urgent medical care for her injuries on December 21, 2019. Plaintiff has undergone extensive diagnostic testing (x-rays and an MRI); a course of physical therapy and chiropractic care; and has undergone a series of Toradol and epidural injections.

15. On April 8, 2020, Plaintiff's attorney presented a settlement demand to TARGET outlining Plaintiff's alleged injuries, the medical treatment rendered to her, Plaintiff's prognosis, and Plaintiff's potential need for future medical care. Further, Plaintiff claimed that due to her deteriorating health, she has had to place her orthopedic issues on hold, including a planned appointment with an orthopedic surgeon, and has had to enlist domestic assistance for cleaning, laundry and food preparation, as she was unable to perform those tasks at the level she had been able to prior to the fall. In light of the alleged damages incurred, the liability factors, and other expenses, Plaintiff's Counsel offered to settle all claims for the amount of $175,000.00.

16. In addition, despite TARGET'S request to do so, Plaintiff's counsel

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

has declined to stipulate to "cap" Plaintiff's damages at $75,000 for the life of the litigation. Accordingly, I believe that the amount in controversy clearly exceeds $75,000.

17. This Court has original jurisdiction over the subject matter of this action under the provisions of Section 1332 of Title 28 of the United States Code in that there is complete diversity between the parties and more than $75,000 in controversy, exclusive of interest and costs. Pursuant to Section 1441 of Title 28 of the United States Code, TARGET is therefore entitled to remove this action to this Court.

18. Thirty days have not elapsed since Defendant was served with the Summons and Complaint in this action. A copy of the Summons and Service Transmittal for TARGET is attached hereto and marked as **Exhibit "A"**. Attached as **Exhibit "B"** is a copy of the Complaint. Attached as **Exhibit "C"** is a copy of the Plaintiff's Civil Case Cover Sheet. Attached as **Exhibit "D"** is a copy of Plaintiff's Peremptory Challenge and the Court's Minute Order confirming reassignment. Exhibits "A"-"D" comprise all of the papers and pleadings served on TARGET CORPORATION.

19. A true and correct copy of this Notice of Removal will be filed immediately with the Clerk of the Orange County Superior Court.

20. DOES 3 to 100 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction.

///
///
///
///
///
///

Based on the foregoing, TARGET CORPORATION removes the above action now pending in the Superior Court, in and for the County of Orange, as Case No. 30-2020-01143064-CU-PO-CJC, to this Court.

DATED:  August 10, 2020         TRACHTMAN & TRACHTMAN, LLP

　　　　　　　　　　　　　　　　　　　*/s/ Benjamin R. Trachtman*
　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　Benjamin R. Trachtman
　　　　　　　　　　　　　　　　　Kelli A. Trachtman
　　　　　　　　　　　　　　　　　19732 MacArthur Blvd., Suite 100
　　　　　　　　　　　　　　　　　Irvine, CA  92612
　　　　　　　　　　　　　　　　　Email:  btrachtman@trachtmanlaw.com
　　　　　　　　　　　　　　　　　Telephone:  (949) 282-0100
　　　　　　　　　　　　　　　　　Facsimile:   (949) 282-0111
　　　　　　　　　　　　　　　　　Attorneys for Defendant TARGET CORPORATION

# PROOF OF SERVICE
## FRCP 5

I, Stephanie Straka, the undersigned, am over the age of 18 years and not a party to this action. I am employed with the law firm of Trachtman & Trachtman, LLP, whose address is 19732 MacArthur Boulevard, Suite 100, Irvine, CA 92612.

On August 10, 2020, I served the interested parties in this action with the following documents:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY) AND CIVIL COVER SHEET**

as follows:

[ ] ***BY ELECTRONIC TRANSMISSION:***

I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office.

[X]   **BY MAIL:** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firms' practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X) placing ( ) the original (X) a true copy thereof enclosed in the sealed envelopes addressed as follows:

Garrett R. Chambers, Esq.
CHAMBERS & NORONHA
2070 N. Tustin Avenue
Santa Ana, CA  92705
T:  (714) 558-1400 | F:  (714) 558-0885
grchambers@CNLegalGroup.com
**Attorneys for Plaintiff Judy Rice**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 10, 2020, at Irvine, California.

*/s/ Stephanie Straka*
_____
Stephanie Straka, Declarant

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**